**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| GORDON T. SKINNER, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. CIV-07-249-HE |
| | ) | |
| UNITED STATES BUREAU OF PRISONS, | ) | |
| EL RENO; JOSEPH SCIBANA, Warden; | ) | |
| OKLAHOMA DEPARTMENT OF | ) | |
| CORRECTIONS; TIM HARRIS, District | ) | |
| Attorney; GORDON McALLISTER, Judge; | ) | |
| DAVID O'MEILIA, U.S. Attorney; | ) | |
| ALLEN LITCHFIELD, Assistant U.S. | ) | |
| Attorney; and GENE WATKINS, Detective, | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

Plaintiff, Gordon T. Skinner, a federal prisoner appearing *pro se* and *in forma pauperis*, brings this action pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), seeking injunctive relief for alleged violations of his constitutional rights. The matter has been referred for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). An initial review of the Complaint has been conducted pursuant to 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B). For the reasons set forth below, it is recommended that the Complaint be dismissed for failure to state a claim upon which relief may be granted and that the dismissal count as a prior occasion or "strike" pursuant to 28 U.S.C. § 1915(g).

## I.     Background Facts

Plaintiff is incarcerated at FCI El Reno and alleges that he is currently serving a federal sentence, though he does not identify the conviction which serves as the basis for this sentence.  Plaintiff alleges he is in fear for his life because his identity as an informant for the government has been made known to gang members incarcerated in the custody of the Oklahoma Department of Corrections (ODOC).  According to Plaintiff, at least one inmate has made death threats and "told everyone he would make sure [Plaintiff] is killed in Oklahoma D.O.C."  Plaintiff seeks an order from this Court prohibiting the United States Bureau of Prisons from transferring him to the ODOC.  Plaintiff does not identify a state detainer or whether a conviction has been entered against him by the State of Oklahoma that would trigger his transfer to the ODOC.  Plaintiff filed a supplemental pleading [Doc. #16] and attaches correspondence dated March 13, 2007, from a Kansas attorney, William K. Rork. Mr. Rork states: "Given actions of a federal prosecutor in Oklahoma, they are trying to place [Plaintiff] in State custody, where they know his well-being will be severely jeopardized." There are no factual allegations to support the statement contained in this letter or other explanation as to why Plaintiff might be placed in state custody.  Plaintiff states he has also filed an action pursuant to 28 U.S.C. § 2255 in federal district court in Reno, Nevada, requesting that he be transferred to the Washoe County Jail.

Plaintiff also seeks additional injunctive relief requesting that Defendants be ordered to stop talking to anyone about him.  Liberally construing Plaintiff's *pro se* complaint, it

appears Plaintiff is claiming a violation of his Eighth Amendment rights based on Defendants' failure to protect him.

Plaintiff names the following as defendants: the United States Bureau of Prisons (BOP); Warden Scibana, FCI El Reno; the Oklahoma Department of Corrections (ODOC); Tim Harris, District Attorney, District of Tulsa County, Oklahoma; Judge Gordon McAllister, District Judge, District of Tulsa County, Oklahoma; David O'Meilia, United States Attorney; Allen Litchfield, Assistant United States Attorney; and Detective Gene Watkins, Tulsa, Oklahoma.

## II.     Standard for Initial Screening

Notwithstanding any filing fee, or any portion thereof that may have been paid, it is the responsibility of the Court to dismiss a claim at any time if it determines that the action is frivolous, malicious, fails to state a claim for which relief can be granted, or seeks relief from an immune defendant. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b). For § 1915 purposes, a claim is frivolous if it lacks an arguable basis in law or fact. *Phillips v. Carey*, 638 F.2d 207, 208 (10th Cir. 1981); *Hall v. Bellmon*, 935 F.2d 1106, 1108 (10th Cir. 1991) (*citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). A claim is legally frivolous if it alleges an infringement of a legal interest that clearly does not exist. *Neitzke*, 490 U.S. at 327. Dismissal of a cause of action for failure to state a claim is proper if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Roman v. Cessna Aircraft Co.*, 55 F.3d 542, 543 (10th Cir. 1995). In reviewing the sufficiency of a complaint, all

well-pleaded factual allegations of the complaint must be accepted as true and construed in the light most favorable to the plaintiff. *Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990). Although *pro se* pleadings are construed liberally and held to a less stringent standard than those drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), *pro se* plaintiffs are not relieved of the burden of alleging sufficient facts on which a legal claim could be based. *Hall*, 935 F.2d at 1110.

## III.   Analysis

### A.   Plaintiff's *Bivens* Claims

In *Bivens*, the Supreme Court recognized an action for money damages against a federal officer in his or her individual capacity who abuses his or her constitutional authority. *Correctional Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001). The purpose of *Bivens* is to deter federal officers from committing violations of an individual's constitutional rights. *Malesko*, 534 U.S. at 70. *Bivens* claims are only cognizable against federal officials, individually. Thus, Plaintiff cannot pursue a *Bivens* claim against the BOP or federal officials in their official capacity. *Id.*, 534 U.S. at 72. *See also Simmat v. United States Bureau of Prisons*, 413 F.3d 1225, 1231 (10th Cir. 2005) ("[A] *Bivens* claim lies against the federal official in his individual capacity – not, as here, against officials in their official capacity."). Accordingly, *Bivens* does not provide an avenue for Plaintiff's injunctive relief claim against the BOP, or Warden Scibana, or United States Attorneys O'Meilia or Litchfield in their official capacities.

Additionally, a *Bivens* action lies only against federal officials acting in their

individual capacities, not against state officials.  Plaintiff's allegations demonstrate that

Defendants Harris, McAllister and Watkins are state officials. Therefore, to the extent

Plaintiff attempts to bring a claim pursuant to *Bivens* against these state officials and/or the

ODOC, his claim must be dismissed for failure to state a claim upon which relief may be

granted.[1]

Plaintiff further seeks an order from this Court directing Defendants to stop talking

to anyone about him.  Arguably, Plaintiff brings a failure to protect claim arising under the

Eighth Amendment.[2]

"A prison official's deliberate indifference to a substantial risk of serious harm to an

inmate violates the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 828, 114 S.Ct.

1970, 128 L.Ed.2d 811 (1994) (quotation omitted). "[L]abeling an inmate a snitch satisfies

the *Farmer* standard, and constitutes deliberate indifference to the safety of that inmate."

---

[1]The Court declines to construe the Complaint as bringing claims pursuant to 42 U.S.C. § 1983 as Plaintiff has not indicated he seeks relief pursuant to that statutory authority.  Moreover, it appears that venue over a § 1983 claim would be improper in this judicial district.  The state officials named in the Complaint all appear to reside in Tulsa County, Oklahoma, within the federal judicial district for the Northern District of Oklahoma, and Plaintiff fails to allege that any of the conduct giving rise to the claims asserted in this action occurred in this judicial district.  In addition to this procedural deficiency, it also appears prosecutorial and judicial immunity would bar Plaintiff's claims against the state actors.

[2]In a pleading headed "Motion," *see* Doc. #23, Plaintiff attaches excerpts from a book entitled *Traffic* that includes references to Plaintiff's involvement as a government informant. Plaintiff alleges unidentified guards at FCI-El Reno circulated the book to inmates. Plaintiff alleges an inmate told him the Aryan Brotherhood was "after" Plaintiff as a result of his role as informant as described in the book. *See id*. at 2.

*Benefield v. McDowall*, 241 F.3d 1267, 1271 (10th Cir. 2001) (*citing Northington v. Marin*, 102 F.3d 1564, 1567 (10th Cir.1996)).

Plaintiff, however, must do more than allege generally that various prison officials violated his rights because "direct, personal participation [is] required to establish *Bivens* liability." *Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1214 (10th Cir. 2003), *abrogated on other grds by Jones v. Bock*, 127 S.Ct. 910 (2007). In addition government officials are not vicariously liable for the misconduct of their subordinates. *See Kite v. Kelley*, 546 F.2d 334, 337 (10th Cir.1976) (holding in a *Bivens* action that "before a supervisor may be held for acts of an inferior, the superior, expressly or otherwise, must have participated or acquiesced in the constitutional deprivations").

Because an Eighth Amendment claim arises out of Plaintiff's conditions of confinement, Warden Scibana is the only named defendant against whom any failure to protect claim would be actionable.  However, Plaintiff does not allege facts to support a claim that Warden Scibana is aware of any potential harm that might befall Plaintiff, let alone that Warden Scibana has acted with a culpable state of mind or was deliberately indifferent. Thus, to the extent Plaintiff has brought a *Bivens* claim against Warden Scibana in his individual capacity arising under the Eighth Amendment, Plaintiff has failed to state a claim for relief.

### B.    Mandamus Relief

Although Plaintiff brings this action pursuant to *Bivens*, his request for injunctive relief to prevent the BOP from transferring him to the ODOC "should be construed as a

petition for mandamus, since [Plaintiff] is asking this court to compel the warden and the

United States, through its agency, the [BOP], to perform a duty he claims is owed to him."

*Goines v. Pugh*, 152 Fed. Appx. 750, 752 (10th Cir. 2005) (unpublished op.) (*citing Simmat,*

413 F.3d at 1234).

Title 28 U.S.C. § 1361 grants district courts original jurisdiction over an action in the

nature of mandamus "to compel an officer or employee of the United States or any agency

thereof to perform a duty owed to the plaintiff." To be entitled to mandamus relief, Plaintiff

must establish (1) that he has a clear right to relief; (2) that the defendant's duty to perform

the action in question is plainly defined and peremptory; and (3) that he has no other

adequate remedy. *Rios v. Ziglar*, 398 F.3d 1201, 1206 (10th Cir. 2005).

Plaintiff has not alleged facts sufficient to warrant mandamus relief.  He alleges in

conclusory fashion that his life may be in danger should he be transferred to the ODOC.  He

fails to allege any facts, however, to demonstrate that he is subject to transfer to the ODOC.

As stated, he does not identify a state detainer or whether a conviction has been entered

against him by the State of Oklahoma that would trigger his transfer to the ODOC.

To the extent Plaintiff seeks mandamus relief against state officers, this Court is

without jurisdiction to order such relief. *See* 28 U.S.C. § 1361 ("The district courts have

original jurisdiction of any action in the nature of mandamus to compel an officer or

employee of the United States or any agency thereof to perform a duty owed to the

plaintiff.") ( emphasis added). *See also Amisub (PSL), Inc. v. Colorado Dep't of Soc. Servs.*,

879 F.2d 789, 790 (10th Cir.1989) ("No relief against state officials or state agencies is

afforded by § 1361."); *Sockey v. Gray*, 159 Fed. Appx. 821, 822 (10ᵗʰ Cir. 2005) (unpublished op.) ("Federal courts are without jurisdiction to grant a writ of mandamus against state and local officials."). Thus, any claim for mandamus relief against Defendants Harris, McAllister and Watkins, should be dismissed with prejudice.[3]

## IV.    Pending Motions

Plaintiff has filed a series of pleadings entitled "Motion", *see* Doc. ## 18-21 and 23, in which he seeks various forms of assistance with respect to filings in this action and/or requests the Court to consider additional exhibits. Because the Complaint is subject to dismissal for failure to state a claim upon which relief may be granted, it is recommended that these Motions be denied. The Court has considered the additional exhibits proffered by Plaintiff in considering dismissal of the Complaint and these additional exhibits fail to establish a basis for liability against the Defendants. To the extent Plaintiff seeks to supplement his Complaint, *see* Motion, Doc. #7, such request should be denied. Plaintiff requests the Court to order production of various documents for the Court's *in camera* review but fails to identify a claim related to the request for these documents or a legal basis for obtaining the documents.

---

[3]It appears Plaintiff's Complaint is also subject to dismissal for failure to satisfy the exhaustion requirement of 42 U.S.C. § 1997e(a). Plaintiff indicates in the Complaint he did not submit his claim through the applicable grievance process. Plaintiff alleges, however, that his request for relief is beyond the scope of the BOP grievance procedures and the authority of the BOP. Because exhaustion is an affirmative defense, *see Jones v. Bock*, 127 S.Ct. 910 (2007), the Court does not decide, at this juncture, whether administrative remedies were available to Plaintiff.

## **RECOMMENDATION**

It is recommended that Plaintiff's Complaint, construed as an action brought pursuant to *Bivens* and/or as an action for mandamus relief, be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(ii) based on Plaintiff's failure to state a claim upon which relief may be granted. The dismissal should be counted as a "prior occasion" or strike pursuant to 28 U.S.C. § 1915(g) after Plaintiff has exhausted or waived his right to appeal. *See Jennings v. Natrona County Detention Center Medical Facility*, 175 F.3d 775, 780 (10th Cir. 1999). It is further recommended that Plaintiff's Motions [Doc. ## 18-21 and 23] be denied.

## **NOTICE OF RIGHT TO OBJECT**

Plaintiff is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objections must be filed with the Clerk of the District Court by May __1st__, 2007. *See* LCvR72.1. Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## **STATUS OF REFERRAL**

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED this __11th__ day of April, 2007.

VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE