**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| GORDON T. SKINNER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) NO. CIV-07-0249-HE |
| | ) |
| UNITED STATES BUREAU OF | ) |
| PRISONS, EL RENO, ET AL., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Plaintiff Gordon Skinner, a federal prisoner appearing *pro se* and *in forma pauperis*, instituted this action pursuant to 28 U.S.C. § 1331 and <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>,[1] seeking injunctive relief for alleged violations of his constitutional rights.  Pursuant to 28 U.S.C. § 636(b)(1)(B), this matter was referred to Magistrate Judge Valerie K. Couch, who recommended that the complaint be dismissed for failure to state a claim upon which relief may be granted, that the dismissal count as a prior occasion or strike pursuant to 28 U.S.C. § 1915(g), and that the plaintiff's motions [Doc. Nos. 18-21 & 23] be denied.

The court first addresses the plaintiff's motion for leave to file an objection to the Report and Recommendation out of time [Doc. # 30] and his "Motion" [Doc. # 29] which also concerns his objection to the Report and Recommendation.  The plaintiff appears to be under the impression that his objection was never filed.  However, an objection [Doc. # 25] and a "Notice of Appeal" [Doc. # 26], both requesting district court review of the Report and

---

[1] *403 U.S. 388 (1971).*

Recommendation, are on file with the court clerk. To the extent that what plaintiff is actually seeking with these motions is leave to supplement his objection, the court concludes that this relief should be denied. Plaintiff states in his motion that he received the Report and Recommendation on April 12, 2007. The Report and Recommendation states that the plaintiff must file his objection by May 1, 2007. Plaintiff filed his motions for leave on November 16, 2007. Plaintiff provides no adequate reason for the significant delay in seeking this relief. The May 24, 2007 confiscation of plaintiff's "legal work" does not excuse his delay. The exhibit attached to the plaintiff's motion for leave states that the papers were only confiscated for a period of approximately five to six days. Further, this confiscation occurred after the deadline for filing his objection had passed. Accordingly, the plaintiff's motions for leave [Doc. Nos. 25 & 26] are **DENIED**.

The plaintiff, while he has filed documents objecting to the Report and Recommendation and seeking district court review, has made no specific objections. Having failed to make a specific objection to the Report and Recommendation, the plaintiff has waived further review of the factual and legal issues it addressed. *See* Soliz v. Charter, 82 F.3d 373, 375-76 (10th Cir. 1996) ("Plaintiff's general objection ... is not sufficient to preserve the more specific issues plaintiff attempts to raise on appeal."); United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996) ("[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."). The court has also considered the merits of the action and substantially concurs with the

Magistrate Judge's analysis.

Accordingly, the court **ADOPTS** the Report and Recommendation [Doc. # 24], **DISMISSES** the plaintiff's complaint, and **DENIES** the plaintiff's motions [Doc. Nos. 18-21 & 23]. This dismissal will count as a prior occasion or strike, pursuant to 28 U.S.C. § 1915(g), after the plaintiff has exhausted or waived his right to appeal.

**IT IS SO ORDERED**.

Dated this 3rd day of December, 2007.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE